(158 App. Div. 735.)

PEOPLE ex rel. HAYDEN v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

MUNICIPAL CORPORATIONS (§ 185*)—POLICE DEPARTMENT—REGULATIONS—APPLICATION.

New York Police Rules, par. 78, provides that patrolmen, compelled to leave their posts for reasons other than the discharge of their duties, prior to doing so will telephone to the precinct station house from the nearest signal box and obtain permission, and report in the same manner a return to their posts. *Held,* that such provision did not apply to a policeman's absence from his post in the performance of duty, so that where relator was so absent he was not subject to discipline for failure to obtain permission.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

Certiorari by the People, on relation of Thomas C. Hayden, against Rhinelander Waldo, as Police Commissioner of the City of New York, to review respondent's determination in fining relator 15 days' pay for breach of police regulations. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William E. Murphy, of New York City, for relator.
Harry Crone, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J. This is a writ of certiorari to review the determination of the police commissioner in fining the relator, a patrolman of the police force of the city of New York, 15 days' pay.

The charge against the officer was that he had been absent from post for five minutes on the morning of June 20, 1911, beginning at 4:20 a. m. The relator admitted his absence from post during that period, but explained it by testifying that an Italian living in the rear house at 75 Mulberry street (which was on his post of duty at the time in question), had obstructed the sidewalk in front of said premises by unloading barrels of salads thereupon, rendering it almost impassable for pedestrians. Discovering this condition at the time in question, he went to the man's residence through an alley leading to the rear tenement, and notified him to immediately remove the obstruction. This person had been in the practice of returning from the market at the same hour each morning and leaving goods on the walk, and from this custom the officer knew who it was that had created the obstruction. He made an entry in his memorandum book, which was turned in to the station house at the close of his tour of duty that morning, and at a time when he had no knowledge of any charges against him, corroborating his testimony as to the purpose of his leaving post, and this was signed by the lieutenant in charge at the desk upon its being turned in.

There is no reason disclosed by this record to doubt the testimony of the officer, nor was it sought to contradict him. The action of the deputy commissioner in imposing the 15 days' fine seems to have been based upon a misinterpretation of paragraph 78 of the Rules and Regulations of the Police Department, as adopted September 17, 1908. That paragraph reads as follows:

"Patrolmen compelled to leave their posts for reasons other than the discharge of their duties, will, prior to so doing, telephone to the precinct station house, from the nearest signal box, and obtain permission of the lieutenant, and will report to the lieutenant in the same manner, their return to post."

Upon the relator's testimony, he was absent from his post for the five minutes in question in the discharge of his duties. It was not therefore incumbent upon him to telephone to the station house before entering upon the performance of his duty, and when he had entered in his memorandum book the length and reason of his absence from post, and promptly turned the same in upon his return to the station house, he had complied with all that was incumbent upon him to do under the circumstances.

The deputy commissioner was of the opinion, apparently, that because he had acknowledged leaving post without permission from the lieutenant, he was guilty of the charge; but we are referred to no other paragraph of the regulations which he is claimed to have violated save the seventy-eighth, and that has no application to this case.

The writ will therefore be sustained, the proceedings annulled, and the fine remitted, with $50 costs and disbursements to relator. All concur.